UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERAMY MICHAEL CARDELL HILL,<br><br>     Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK; MELISSA A. CRANE,<br><br>     Defendants. | 19-CV-3880 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action against the City of New York and New York State Supreme Court Judge Melissa A. Crane. By order dated June 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

The following claims are taken from Plaintiff's complaint: On December 7, 2018, Plaintiff filed "two 'RJI' for [a] 'Notice of Motion'" for default judgment against the "Go Daddy Company" for a "Million Millions" and "Quattuorcentillion Millinillions" dollars. (Compl. at 7.) On March 7, 2019, Judge Melissa A. Crane denied Plaintiff's default judgment "in the amount of 'Million Millions' for 'THESOCIALMUSICCLUB.COM' breaking 'Go Daddy Company' server" as well Plaintiff's default judgment "in the amount of 'Quatturocentillion Millillions' for the defendant 'Go Daddy Company' touching [his] website 'THESOCIALMUSICCLUB.COM.'" (*Id.*)

On April 23, 2019, Plaintiff went to the state courthouse at 71 Thomas Street in Manhattan "to visit judge 'Melissa A. Crane' to have a conversation about the 'Orders'" that she issued in his cases. (Compl. at 8.) Prior to going to the courthouse, he "Google Image[d]" Judge Crane "for pictures of how she looks." (*Id.*) Upon entering the courtroom, Plaintiff saw a woman whom he recognized as Judge Crane. Plaintiff alleges the woman ran away from him and sent police officers who told him to leave "because talking to a judge is not allowed." (*Id.*) Plaintiff "kindly walk[ed] out of the court house." (*Id.*)

Plaintiff is suing the City of New York and Judge Crane "for lying on 'THESOCIALMUSICCLUB.COM' in the 'New York Supreme Court.'" (*Id.*) He is seeking 10 trillion dollars in damages. (*Id.* at 10.)

## DISCUSSION

### A. Claims against Judge Crane

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Because Plaintiff is suing Judge Crane based on actions taken within the scope of her judicial responsibilities, the Court therefore dismisses Plaintiff's claims against Judge Crane.

### B. Claims against the City of New York

It is unclear if Plaintiff intends to assert separate claims against the City of New York. If so, the Court dismisses those claims as frivolous. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

### C. Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket.

Plaintiff has consented to electronic service so the Clerk of Court does not need to mail a copy of this order to Plaintiff.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 17, 2019
       New York, New York

                                             COLLEEN McMAHON
                                     Chief United States District Judge